UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK    **Return Date: January 15, 2019**
---------------------------------------------------------X   **Time: 2:30 p.m.**
In re:

                                       Chapter 13

ROBERT FELDMAN,
                                       Case No. 17-40152

        Debtor.
---------------------------------------------------------X
DONALD GLASSMAN,

            Plaintiff,               Adv. Pro. No. 17-01050

   - against –

ROBERT FELDMAN,

            Defendant.

---------------------------------------------------------X

**DONALD GLASSMAN'S AMENDED MOTION TO STRIKE AND SEAL (I) PORTIONS OF THE AFFIRMATION OF STEVEN HAMBURG DATED JUNE 27, 2018, AND EXHIBITS THERETO, (II) TESTIMONY AT THE MAY 30, 2018 HEARING, AND (III) THE LETTER DATED JULY 3, 2018 FROM HAMBURG TO THE COURT, AND FOR SANCTIONS**

1

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES......................................................................................ii

BACKGROUND AND PROCEDURAL HISTORY..................................................2

ARGUMENT...............................................................................................................3

    I.    THE COURT SHOULD STRIKE PORTIONS OF HAMBURG'S AFFIRMATION DATED JUNE 27, 2018, THE EXHIBITS THERETO, AND HIS LETTER DATED JULY 3, 2018.............................................3

        A.    Hamburg's June 27, 2018 Affirmation Contains Numerous Allegations Made Without Personal Knowledge.............................3

        B.    Hamburg's Affirmation, and the Debtor's Supplemental Filing Generally, Constituted a Wholly Improper Attempt to Introduce New "Evidence" into the Record.......................................................4

        C.    Hamburg's Affirmation and the Exhibits Are Replete With Allegations That Are Scandalous, Immaterial and Impertinent.......6

        D.    The Court Should Strike the Wholly Immaterial, Malicious and Baseless Testimony by Feldman at the May 30, 2018 Hearing.......8

        E.    In Addition to the Multiple Bases for the Imposition of Sanctions Set Forth in Glassman's Motion for Sanctions and Contempt, Hamburg and Feldman Should Be Sanctions for Frivolous Conduct in Connection with the Supplemental Filings of Feldman Made on June 27 and July 3..........................................................................8

        F.    Hamburg and Feldman Should be Sanctioned for Falsely Alleging that Glassman Sued a Court Reporter.............................................9

        G.    Hamburg and Feldman Should Also Be Sanctioned for Filing on the Court's Docket Written Communications between Glassman and Feldman that are Subject to the Attorney-Client Privilege.....11

    II.    THE COURT SHOULD SEAL THE DOUCMENTS IDENTIFIED IN POINT I..............................................................................................12

    III.    GLASSMAN SHOULD BE AWARED REIMBURSEMENT OF ATTORNEY'S FEES AND COSTS INCURRED AS A RESULT OF FEDLMAN'S AND HAMBURG'S SUPPLEMENTAL FILINGS.........14

CONCLUSION..................................................................................................................15

## TABLE OF AUTHORITIES

### CASES

*Anderson v. Cryovac, Inc.,* 805 F.2d 1, 13 (1st Cir.1986)....................................................13

*Bus. Guides, Inc. v. Chromatic Commc'ns Enters.,*
    498 U.S. 533, 542, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991)............................9, 10

*Cooter & Gell v. Hartmarx Corp.,*
    496 U.S. 384, 398, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).................................9

*Chambers v. NASCO, Inc.,*
    501 U.S. 32, 32, 43–44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)..........................10

*F.T.C. v. Standard Financial Management Corp.,*
    830 F.2d 404, 408 (1st Cir. 1987)............................................................13

*Hirsch v. Morgan Stanley & Co.,*
    239 A.D.2d 466, 467, 657 N.Y.S.2d 448 (2nd Dep't. 1997).................................4

*In re Hilton*, 544 B.R. 1, 8 (Bankr. N.D.N.Y.2016).........................................................3

*In re Itel Securities Litig.*, 791 F.2d 672, 675 (9th Cir.1986)............................................10

*In re Johnson*, 236 B.R. 510, 519  (D.D.C. 1999)......................................................6, 7, 9

*In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 478 (6th Cir. 1983)............................13

*In re Rosebar*, 2015 WL 739851, *7 (D.D.C. 2014)...........................................................8

*JMD Holding Corp. v. Congress Fin. Corp.*,
    4 N.Y.3d 373, 384–385, 795 N.Y.S.2d 502, 828 N.E.2d 604 (2005).....................4

*Lipsig v. National Student Marketing Corp.*, 663 F.2d 178, 182 (D.C.Cir.1980).............10

*Matter of Cohoes Indus. Terminal, Inc.*, 931 F.2d 222 (2d. Cir. 1991)..............................8

*Nixon v. Warner Communications, Inc.,*
    435 U.S. 589, 597, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978).........................12

*Office of Chief Disciplinary Counsel v. Jason E. Pearl....* .................................................12

*Palo v. Principio*, 303 A.D.2d 478, 479, 756 N.Y.S.2d 623 (2nd Dep't. 2003)..................4

*Randell v. United States,* 64 F.3d 101, 109 (2d Cir. 1995)..................................................3

*U.S. v. Amodeo*, 71 F.3d 1044, 1049 (2nd Cir. 1995)..........................................................13

*Warrington v. Ryder Truck Rental, Inc.*,
    35 A.D.3d 455, 826 N.Y.S.2d 152 (2nd Dep't. 2006).............................................4

*Zuckerman v. City of New York,*
    49 N.Y.2d 557, 563 (1980), 427 N.Y.S.2d 595, 404 N.E.2d 718............................4

## RULES and AUTHORITIES

5A Wright & A. Miller, Federal Practice and Procedure §1335, pp. 57–58
    (2d ed. 1990)..........................................................................................................10

11 U.S.C. §105................................................................................................2, 3, 6, 7

Fed.R.Civ.P. 5.2(d)..................................................................................................2, 3

Fed.R.Civ.P. 11................................................................................................2, 3, 8, 9

Fed.R.Civ.P. 12(f).........................................................................................................7

Fed.R.Civ.P. 26..........................................................................................................2, 15

Federal Rules of Bankruptcy Proc. 9011.................................................................2, 6, 7, 8

Federal Rules of Bankruptcy Proc. 9013......................................................................2, 15

Federal Rule Evidence 602............................................................................................3

Local Bankruptcy Rule 9013-1.......................................................................................2

New York Rules of Professional Conduct 1.6...............................................................11

TO:   THE HONORABLE CARLA E. CRAIG,
       CHIEF UNITED STATES BANKRUPTCY JUDGE:

Donald Glassman ("Glassman"), an interested party and creditor in the above-captioned Chapter 13 and adversary proceeding, respectively, by and through his counsel, Ruta Soulios & Stratis LLP, respectfully submits this motion for an order, pursuant to 11 U.S.C. §§105, 107(b)(2), Fed.R.Civ.P. 5.2(d), 11, 26, Bankruptcy Rules 9013, and Local Bankruptcy Rule 9013-1, (a) striking and sealing, as more fully set forth herein, (i) portions of the Affirmation of Steven Hamburg dated June 27, 2018 (Hamburg Affirm."), (ii) certain exhibits to the Hamburg Affirmation, including but not limited to privileged written communications between Feldman and Glassman made during the time that the debtor, Robert Feldman, represented Glassman, (iii) the letter from Hamburg to the Court dated July 3, 2018, and (iv) certain testimony proffered by Feldman during the May 30, 2018 hearing, because they constitute improper attempts to introduce new evidence into the record made at the evidentiary hearing on May 30, 2018, are made without any personal knowledge, and/or are replete with impertinent, immaterial, unprofessional and scandalous allegations, **and** (b) sanctioning Feldman and Hamburg pursuant to F.R.B.P. 9011 for frivolous and abusive conduct.

In support hereof, Glassman states the following:

1.     This case has a long procedural history that the Court is familiar with, in part due to having conducted a trial on May 30, 2018. A detailed factual background and procedural history are set forth in Glassman's filings at docket entry numbers 20, 60, 76, 84, and in the interest of brevity, need not be re-stated here.

2.     The Court held a status conference and hearing on November 27, 2018, in connection with (i) post-trial matters pertaining to Glassman's (a) motion to dismiss the Debtor's bankruptcy case for cause and with prejudice (Doc# 20), (b) motion for sanctions and contempt (Doc#s 60 and 76) and (ii) Glassman's letter motion to strike ("Strike Motion") the Affirmation

2

of Steven Hamburg dated June 27, 2018 (and exhibits thereto and subsequent July 3, 2018 letter from Hamburg (Doc# 84).

3. During the November 27, 2018 hearing, the Court advised Glassman that if he wanted to have the documents identified in the Strike Motion not only stricken from the record but removed from public viewing he would have to make a motion to seal Fed.R.Civ.P. 5.2(d) and 11 U.S.C. §§105, 107. As such, and for the reasons set forth below, by this motion Glassman seeks to both strike and seal the aforementioned documents.

**I.**

**THE COURT SHOULD STRIKE PORTIONS OF HAMBURG'S AFFIRMATION DATED JUNE 27, 2018, THE EXHIBITS THERETO, AND HIS LETTER DATED JULY 3, 2018**

A. **Hamburg's June 27, 2018 Affirmation Contains Numerous Allegations Made Without Personal Knowledge**

4. Beginning with his heading "FACTS SURROUNDING GLASSMAN MATTER," at paragraphs 21-34, Hamburg purports to summarize facts and events that existed between Feldman and Glassman long (indeed many years) before Hamburg was retained as Feldman's bankruptcy counsel, and about which he clearly has no personal knowledge. Federal Rule of Evidence 602 provides, in relevant part, "a witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Courts have consistently stricken affidavits made by a party's attorney where there was no indication that the attorney had personal knowledge of the matters about which they testified. *See In re Hilton*, 544 B.R. 1, 8 (Bankr. N.D.N.Y.2016); *Randell v. United States*, 64 F.3d 101, 109 (2d Cir.1995).

5. Below are but a few examples of allegations Hamburg made without any personal knowledge:

Donald Glassman retained Robert Feldman to represent him for making a CPL §330 motion

3

to overturn the jury's verdict on the basis of ineffective assistance of counsel by his trial attorney, Howard Blau. Immediately following the verdict, Glassman called Feldman and told him about the verdict and reiterated that his attorney Howard Blau had prohibited him from testifying. Feldman advised Glassman to make a confirmatory record before the court that Mr. Blau had told him that only the attorney could decide if his client could testify and in this case Blau told Glassman that he could not testify. See ¶22.

Glassman and Feldman executed a retainer agreement to memorialize the representation. Mr. Feldman represented Mr. Glassman for about six months from October 2007 until April 25, 2008. See ¶23.

From the inception of Feldman's involvement in this matter Glassman continuously imposed himself on Feldman. Feldman's boyfriend at the time is one of our witnesses who will testify as to Glassman's relentless physical stalking of Feldman---appearing at his home without appointments, emailing and calling him so much--- that the relationship became untenable. See ¶25.[1]

6. There are numerous other scandalous allegations by Hamburg in those paragraphs – which do not warrant repeating here – about which he clearly lacks personal knowledge.[2]

7. In addition to the lack of personal knowledge on the part of the affiant Hamburg, those allegations should be stricken because they are wholly impertinent to the issue at bar, namely, whether Feldman should be sanctioned for (i) a bad faith bankruptcy filing, (ii) proffering false statements under oath, and (iii) failing to comply with orders of this Court (see Point B below).

8. For these reasons paragraphs 21-34 in the Hamburg Affirm. should be stricken.

B. **Hamburg's Affirmation, and the Debtor's Supplemental Filing Generally, Constituted a Wholly Improper Attempt to Introduce New "Evidence" into the Record.**

9. In an attempt to distract the Court from his bad faith conduct throughout this proceeding, and his contempt for this Court's orders, Feldman, by his attorney Hamburg, has again engaged in frivolous, abusive, and sanctionable conduct. The supplemental filing by

---

[1] This allegation is not only without personal knowledge, but also impermissible double hearsay, for Hamburg improperly purports to testify as to what Feldman's boyfriend would testify to.
[2] State court decisions are in accord that "An attorney's affirmation that is not based upon personal knowledge is of no probative or evidentiary significance." *Warrington v. Ryder Truck Rental, Inc.*, 35 A.D.3d 455, 826 N.Y.S.2d 152 (2nd Dep't. 2006)(citing *JMD Holding Corp. v. Congress Fin. Corp.*, 4 N.Y.3d 373, 384–385, 795 N.Y.S.2d 502, 828 N.E.2d 604 (2005); *Zuckerman v. City of New York*, 49 N.Y.2d 557, 563 (1980), 427 *N.Y.S.2d 595, 404 N.E.2d 718*; *Palo v. Principio*, 303 A.D.2d 478, 479, 756 N.Y.S.2d 623 (2nd Dep't. 2003); *Hirsch v. Morgan Stanley & Co.*, 239 A.D.2d 466, 467, 657 N.Y.S.2d 448 (2nd Dep't. 1997).

4

Feldman, by way of the Hamburg Affirm. (and exhibits) and Hamburg's letter dated July 3, 2018, are a continuation of bad faith litigation tactics; in this instance dumping on the Court scandalous allegations and exhibits (which, again, do not warrant repeating) that are wholly irrelevant to Glassman's Motion for Sanctions and Contempt. Indeed, by orders dated May 30 (Doc. Nos. 69 and 70) the Court defined the scope of the supplemental briefings:

> Scheduling Order; the parties hereto shall comply with the following schedule in connection with the Donald Glassman's (the Plaintiff) motion for sanctions, dated May 10, 2018: Plaintiff's counsel shall file and serve his time records, which shall redact information subject to attorney-client privilege, on or before June 15, 2018; Robert Feldman shall file and serve any responsive papers on or before June 27, 2018.

See Doc# 70.

> Scheduling Order; the parties hereto shall comply with the following schedule in connection with the Donald Glassman's motion to dismiss, dated February 27, 2017: On or before June 15, 2018, Donald Glassman shall file and serve a memorandum of law addressing the grounds on which he seeks to have the Chapter 13 petition dismissed with prejudice; Robert Feldman shall file and serve any responsive papers on or before June 27, 2018.

See Doc# 69.

10. Glassman's motions for sanctions, contempt and to dismiss the bankruptcy case had already been fully briefed by both parties, followed by an evidentiary hearing at which Feldman and Hamburg **declined the opportunity to provide any testimony or evidence in opposition**. Glassman filed supplemental papers that complied with the Court's direction, providing factual and legal argument as to the basis for (i) dismissing the bankruptcy case with prejudice (Point II of Glassman's supplemental brief) and (ii) an award of sanctions, including reimbursement of attorneys' fees and litigation costs (Point III of Glassman's supplemental brief), resulting from Feldman's bad faith filing and sanctionable conduct in the Chapter 13 proceeding.

11. Yet Feldman, through his complicit attorney, barely addressed the legal grounds for dismissal with prejudice or challenged Glassman's entitlement to an award of attorney's fees

and costs (or to challenge the reasonableness thereof). Instead they sought to reargue the underlying merits of the motions and, more frivolously, engaged in a wholly improper and unethical effort to assassinate the character of Glassman (a lawyer admitted in the Eastern District) – all by the proffering of scandalous, immaterial, inadmissible and impertinent allegations. Glassman submits that Feldman, himself a lawyer admitted in the Eastern District, and Hamburg, knew (or certainly should have known) that it was wholly improper and frivolous to try to introduce new evidence after a motion has been briefed and for which the Court conducted an evidentiary hearing. Feldman and Hamburg knew all the more that what they were doing was improper when consideration is given to the nature and substance of what was submitted to the Court. A reasonable attorney in like circumstances would simply not believe that the actions taken by Feldman and Hamburg were factually and legally justified. *See In re Johnson*, 236 B.R. 510, 519  (D.D.C. 1999).

### C. Hamburg's Affirmation and the Exhibits Are Replete With Allegations That Are Scandalous, Immaterial and  Impertinent

12. It bears repeating that the only issues before this Court, and in particular the post-hearing supplemental filings made by the parties, are (i) whether Feldman's Chapter 13 case should be dismissed with prejudice and (ii) the amount of reasonable attorney's fees that Glassman could seek an award of in connection with his motion for sanctions. Yet Hamburg and Feldman converted the supplemental filing into an opportunity to attack and defame Glassman. Glassman submits that the District of Columbia District Court's decision in *In re Johnson* is particularly instructive and compelling concerning his instant request that Feldman's supplemental filings be stricken and sealed, and that Feldman and Hamburg be sanctioned under 11 U.S.C. §105, Bankruptcy Rule 9011, and this Court's inherent powers. In *Johnson,* a Chapter 7 trustee objected to the fee application of the debtor's counsel. In response to the objection, the

debtor's counsel attacked the trustee's character, calling him a liar no less than five times, among other insults. *Johnson*, 236 B.R. at 515. The trustee moved to strike the debtor's counsel's response, asserting:

> In the instant case, Debtor's counsel has abandoned civil written discourse and argument. Instead, he has filed a lengthy diatribe designed to impugn unfairly his opposing counsel. There is no legitimate purpose served by counsel's name calling except to demean the legal process and the litigants. The objectionable language used by Debtor's counsel is wholly irrelevant and impertinent to the fee issues to be resolved by this court. The response is so replete with unprofessional misrepresentations and imprudent verbiage that the entire pleading should be stricken from the record ...

*Id.*

13.    The trustee in *Johnson* based his request for relief on the bankruptcy court's power under 11 U.S.C. §105(a) to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *Id.* at 516. The trustee also cited Fed.R.Civ.P. 12(f) and the inherent powers of all courts to "regulate the practice of lawyers." *Id.* According to the D.C. District Court, the bankruptcy court, in granting the trustee's motion to strike, took the "view that the Trustee was fully justified in moving to strike the response that was 'replete with ad hominem attacks against a United States Trustee legal representative in this case.'"  In affirming the Bankruptcy Court's order striking the debtor's counsel's reply papers, the D.C. District Court held:

> The 'unprofessional misrepresentations' are blatantly obvious to any person who reads the Debtor's response. Because counsel for the debtor's accusatory venom infected the entire pleading, simply referring to the document specifies the misrepresentations under Rule 9011. In fact, this court finds that the factual basis for the motion to strike was all too clear. The Trustee in moving to strike was only objecting to the gratuitous insults used by counsel for the Debtor.

*Id.* at 519.

> This court agrees with the Bankruptcy Court that, by making such ad hominem attacks when they served no relevant purpose, the Debtor opened the door for the Trustee to move to strike the accusations. The motion to strike was firmly planted on the ground that such accusations constituted an unprofessional misrepresentation as to their importance in the determination of Trustee's objections raised to the Debtor's fee application.

*Id.* at 520.

### D. The Court Should Strike the Wholly Immaterial, Malicious and Baseless Testimony Proffered by Feldman at the May 30, 2018 Hearing

14. During the May 30, 2018 hearing Feldman proffered totally fabricated, preposterous and defamatory claims about Glassman's mental condition (which do not bear repeating here but can be found at pp. 28-29 of the transcript). Feldman, who is not a medical professional, provided no medical or expert opinion (or documentary evidence) as a foundation for such outrageous and despicable allegations, the obvious purposes for which, we submit, were to divert attention away from his bad faith bankruptcy filing and the contemptuous and sanctionable conduct he has engaged in throughout these proceedings (and to otherwise harass and be abusive).

### E. In Addition to the Multiple Bases for the Imposition of Sanctions Set Forth in Glassman's Motion for Sanctions and Contempt, Hamburg and Feldman Should Be Sanctioned for Frivolous Conduct in Connection with the Supplemental Filings of Feldman Made on June 27 and July 3

15. Bankruptcy Rule 9011 provides:

By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr.P. 9011(b). Rule 9011 is substantially identical to Federal Rule of Civil Procedure 11, and authorities interpreting Rule 11 are applicable to Rule 9011. *See Matter of Cohoes Indus. Terminal, Inc.*, 931 F.2d 222 (2d. Cir. 1991); *see also Johnson*, 236 B.R. at 519; *In re Rosebar*,

2015 WL 739851, *7 (D.D.C. 2014)(sanctioning Chapter 7 debtor's attorney under Rule 9011 for failing to perform a reasonable factual inquiry before making false allegations against plaintiff in multiple documents filed on behalf of the debtor). Rule 11 requires that an attorney sign every pleading or other paper filed with the court. The signature "certifies to the court that the signer has read the document, has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well grounded in both, and is acting without any improper motive." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters.,* 498 U.S. 533, 542, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991). In other words, Rule 11 is intended to ensure that an attorney will "stop, think and investigate" before filing "baseless papers." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 398, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

  **F.**  **Hamburg and Feldman Should Be Sanctioned for Falsely Alleging that Glassman Sued a Court Reporter**

  16.   On July 3, 2018 Hamburg wrote to the Court purporting to "supplement" Feldman's supplemental papers filed on June 27th. In his letter, Hamburg, without any citation to a court or caption or case number, falsely alleged that Glassman sued a court reporter and that such lawsuit was dismissed. Specifically, Hamburg wrote:

> I am writing to supplement my Opposition Papers filed with the Court on ECF on June 27, 2018. I was unable to open an attachment that I wanted to include but was now able to open a copy and I am therefore attaching a copy of a Decision dated January 3, 2013 by the Hon. Sidney H. Stein, USDJ, dismissing the Glassman civil claim for wrongful arrest and false imprisonment that gives rise to the current Glassman claims against Mr. Feldman.
>
> In addition, Mr. Glassman has previously sued a Court Reporter claiming that she did not properly transcribe a legal proceeding. That law suit was dismissed.

  17.   As set forth in the Declaration of Donald Glassman dated July 31, 2018, Mr. Glassman has never sued a court reporter. Not only was the allegation by Hamburg and Feldman immaterial, impertinent, scandalous and irrelevant, it was patently false. The failure to provide any evidence to support the allegations, which necessarily ought to have included the alleged order of dismissal from the court that allegedly issued the order, is *per se* evidence that Feldman

9

and Hamburg failed to engage in the bare minimum effort to demonstrate to the Court that they made a reasonable inquiry into the accuracy and truthfulness of the allegations. The false allegations were, Glassman submits, asserted instead to disparage Glassman in the eyes of the Court, and to otherwise divert the Court's attention from the frivolous, sanctionable and contemptuous conduct on the part of Feldman that was in the record before the Court. The Court should sanction Feldman and Hamburg for such frivolous and contemptuous behavior. "Where a motion is filed by a litigant substantially motivated by 'vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar the assessment of attorney's fees.' 236 B.R. at 523-24, citing, *In re Itel Securities Litig.*, 791 F.2d 672, 675 (9th Cir.1986)  (quoting *Lipsig v. National Student Marketing Corp.*, 663 F.2d 178, 182 (D.C.Cir.1980) ). "The power of the federal courts to sanction attorney misconduct, be it frivolous litigation or contemptuous behavior, is beyond doubt." *Id.*  Federal courts have the inherent power to punish abuse of the judicial process. *Id.*, citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 32, 43–44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).

18.     Moreover, Feldman, as a lawyer and party, is clearly equally responsible for the frivolous nature of the Supplemental filing. "Where a represented party appends its signature to a document that a reasonable inquiry into the facts would have revealed to be without merit, we see no reason why a district court should be powerless to sanction the party in addition to, or instead of, the attorney." *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.,* 498 U.S. 533, 550, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991), citing 5A Wright & A. Miller, Federal Practice and Procedure §1335, pp. 57–58 (2d ed. 1990).  Although the Supreme Court has made it clear that a party, like an attorney, may be sanctioned, Glassman submits that insofar as the party here is also an attorney admitted to practice in the Eastern District of New York for at least two decades, he should be held to a higher standard when considering his culpability for the frivolous filing.

**G. Hamburg and Feldman Should Also Be Sanctioned for Filing on the Court's Docket Written Communications between Glassman and Feldman that are Subject to the Attorney-Client Privilege**

19. In Exhibit I to the Hamburg Affirm. Feldman submitted privileged email communications between Feldman and Glassman (at pages 21-22) dated April 12, 2008 that were part of documents submitted by Feldman to the Departmental Disciplinary Committee of the Appellate Division, First Department. Feldman also filed, as part of Exhibit I, the privileged retainer agreement between Feldman and Glassman (at pages 27-28).

20. Rule 1.6 of the New York Rules of Professional Conduct, entitled "Confidentiality of Information," provides:

(a) A lawyer shall not knowingly reveal confidential information, as defined in this Rule, or use such information to the disadvantage of a client or for the advantage of the lawyer or a third person, unless:
 (1) the client gives informed consent, as defined in Rule 1.0(j);
 (2) the disclosure is impliedly authorized to advance the best interests of the client and is either reasonable under the circumstances or customary in the professional community; or
 (3) the disclosure is permitted by paragraph (b).

21. Rule 1.6(b)(5) qualifies 1.6(a) by providing: "A lawyer may reveal or use confidential information to the extent that the lawyer reasonably believes necessary …(i) to defend the lawyer or the lawyer's employees and associates against an accusation of wrongful conduct; or (ii) to establish or collect a fee…"

22. Feldman may well argue that his publication and dissemination of confidential, and privileged information was authorized by Rule 1.6(b)(5). However, as set forth above, Glassman's Motion for Sanctions and Contempt in no way implicated the nature or merits of the dispute that is the subject of the consolidated civil actions against Feldman, pending since 2009. The issues before the Court related solely to Feldman's conduct in this Chapter 13 case. The harassing and abusive intent behind the publication of these attorney-client privileged documents is all the more apparent when consideration is given to the timing of the filing, i.e. *after* the Court held an evidentiary hearing and the record on Glassman's Motion for Sanctions and

11

Contempt was complete and fully submitted (and the Court requested a limited supplemental filing to address legal issues raised at the hearing).

23. In *Office of Chief Disciplinary Counsel v. Jason E. Pearl*, the Connecticut Superior Court suspended an attorney for two years from the practice of law because, in connection with a malpractice action brought by a former client, he engaged in conduct that "is prejudicial to the administration of justice by his unauthorized public release of a former client's psychiatric records." *See* Exhibit A hereto. Specifically, the suspended attorney brought a *motion in limine* seeking to have his former client declared "unfit to testify due to her psychiatric history, medical commitment, conservatorship and untruthfulness." Pearl attached to the *motion in limine* his former client's mental health records without her permission, according to the Office of Chief Disciplinary Counsel. *See* Exhibit B hereto.

24. Glassman respectfully submits that *Pearl* provides support on all fours for his request for sanctions here, due to, *inter alia*, Feldman's filing on the docket of sealed and confidential documents acquired by Feldman while he was under retention as Glassman's lawyer in 2007-2008, including attorney-client communications in which Glassman never waived his privilege, all of which were not only scandalous, immaterial, and impertinent to the Contempt Motion, but were made after the trial and hearing held on May 30 2018 (and the record closed), evincing a clear intent to abuse and harass Glassman.

**II.**

**THE COURT SHOULD SEAL THE DOCUMENTS AND TESTIMONY IDENTIFIED IN POINT I**

25. In *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978), the Supreme Court acknowledged that "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." The First Circuit has noted that this privilege extends, in the first instance, to "materials on which a court relies in determining the litigants' substantive rights."

12

*F.T.C. v. Standard Financial Management Corp.*, 830 F.2d 404, 408 (1st Cir. 1987), quoting *Anderson v. Cryovac, Inc.,* 805 F.2d 1, 13 (1st Cir.1986). Those documents which play no role in the adjudication process, however, such as those used only in discovery, lie beyond reach. *Id.* The court in *F.T.C. v. Standard Financial Management* further recognized that a litigant has legitimate privacy rights that countervails public access considerations, holding "We recognize that 'privacy rights of participants and third parties' are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records.'" *F.T.C. v. Standard Financial Management Corp.*, 830 F.2d at 411, quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 478 (6th Cir. 1983).

26. The Second Circuit has noted that the weight to be accorded public access is based upon the role those documents played in determining litigants' substantive rights…" *U.S. v. Amodeo*, 71 F.3d 1044, 1049 (2nd Cir. 1995). "Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason. Documents that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption's reach." *Id., citing Standard Fin. Management*, 830 F.2d 404, 408 (1st Cir. 1987).

27. The Bankruptcy Code has effectively codified the general presumption of public access, as limited and offset by a person's legitimate privacy interests (and the concomitant right to have sealed scandalous or defamatory matters). Specifically, 11 U.S.C. §107(b)(2) provides:

On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—

(2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

28. Insofar as the documents that Glassman seeks to have sealed hereby were filed by Feldman and Hamburg after the May 30, 2018 trial, and therefore after the record was closed,

13

Glassman submits they could play no role in any decision that this Court may issue. Moreover, had Feldman sought to submit those documents prior to or at the trial, they would still be subject to being sealed as they are indisputably and completely impertinent and immaterial to the issues raised in Glassman's motions (i) to dismiss the Debtor's bankruptcy case with prejudice, and (ii) for sanctions and contempt for frivolous conduct and contemptuous abuses engaged in during the Chapter 13 proceeding.

29.     The allegations set forth in paragraphs 21-34 of the Hamburg Affirmation and the entirety of Exhibit I thereto, together with Hamburg's July 3, 2018 letter, which in the information age we live in are captured by even the most simple of Google searches of Glassman's full name (which appears in the caption of this adversary proceeding), and Feldman's testimony at pages 28, line 4 to page 29, line 23 of the May 30, 2018 transcript, are all gross violations of Glassman's legitimate privacy interests and highly defamatory and damaging, and have caused and will continue to cause harm to the reputation of Glassman, including his prospective ability to find employment and earn a living.

### III.

**GLASSMAN SHOULD BE AWARDED REIMBURSEMENT OF ATTORNEY'S FEES AND COSTS INCURRED AS A RESULT OF FELDMAN'S SUPPLEMENTAL FILING**

30.     The only material thing the Hamburg Affirm., Exhibit I thereto, and the July 3, 2018, accomplished was the additional harm that they caused Glassman, and additional sanctions are warranted therefor.

31.     Glassman relies on and respectfully refers the Court to the arguments and documentary exhibits filed in support of his request for reimbursement of attorney's fees and costs, more fully set forth in that certain "Supplemental Memorandum in Support of Motion for Sanctions and Contempt Against the Debtor for Willful Failure to Comply with this Court's Orders Dated July 14,2017 and November 6, 2017, and for Frivolous, Abusive, and

Contemptuous Conduct by the Debtor in Connection with the Debtor's Rule 2004 Examination," (see Doc.#76, pp. 14-17). In that Supplemental Memorandum, including exhibits containing redacted invoices of Glassman's counsel, Glassman incurred $61,841 in attorney's fees and litigation expenses.

32. As a result of the filing of the frivolous Hamburg Affirm. dated June 27, 2018 (Doc.#80), Exhibit I thereto, and the July 3, 2018 letter containing a knowingly false and defamatory allegation, Glassman has incurred an additional $12,458.40 in attorney's fees. *See* Exhibit C hereto.

## CONCLUSION

For the foregoing reasons, Glassman respectfully requests entry of an order, pursuant to 11 U.S.C. §§105 and 107, Fed.R.Civ.P. 5.2(d), 11, 26, Bankruptcy Rules 9011 and 9013, and Local Bankruptcy Rule 9013-1, (i) striking from the record paragraphs 21-34 of the Hamburg Affirmation, the entirety of Exhibit I to the Hamburg Affirmation, Hamburg's July 3, 2018 letter, and pages 28, line 4 to page 29, line 23 of the May 30, 2018 transcript, and sealing same from public access, (ii) sanctioning Feldman and Hamburg for engaging in frivolous, harassing and abusive conduct, and awarding Glassman $12,458.40 in attorney's fees and costs.

Dated: New York, New York
December 18, 2018

          Respectfully submitted,

          RUTA SOULIOS & STRATIS LLP
          Attorneys for Donald Glassman

          By:/s/ Steven A. Soulios
          Steven A. Soulios, Esq. (SAS-4832)
          211 East 43rd Street, 24th Floor
          New York, New York 10017
          (212) 997-4500